UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                        )<br>               Plaintiff,               )<br>                                                        )<br>        v.                                           )<br>                                                        )<br>DINH T. NGUYEN,                           )<br>                                                        )<br>               Defendant.             )<br>_____) | CASE NO.   CR07-132 RSL<br><br>DETENTION ORDER |

Offenses charged:

    Count I:    Conspiracy to Manufacture Marijuana, in violation of Title 21, U.S.C., Sections 841(a)(1), 841(b)(1)(A), and 846;

    Count II:    Conspiracy to Engage in Money Laundering, in violation of Title 18, U.S.C., Section 1956(h).

Date of Detention Hearing:   April 16, 2007

       The Court, having conducted an uncontested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  The Government was represented by Sarah Vogel.  The defendant was represented by Jennifer Horowitz.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the defendant committed the drug offense. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Defendant is viewed as a risk of nonappearance as he is in the United States illegally and the Bureau of Immigrations and Customs Enforcement has filed a detainer against him.

(3) The defendant is the son of co-defendant Le My Nguyen, who has been detained. The co-defendant is alleged to have been teaching him how to run the business using illegal means, wherein large sums of money were obtained from the manufacture of marijuana found in grow houses.

(4) Defense counsel stipulates to detention at this time.

Based upon the foregoing information, which is consistent with the recommendation of detention by U.S. Pretrial Services, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for

DETENTION ORDER
PAGE -2-

the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 17th day of April, 2007.

                                            MONICA J. BENTON
                                            United States Magistrate Judge